United States District Court

Eastern District of California

Andre Ramon Craver,

        Plaintiff,                      Civ. No. S 05-0546 FCD PAN P

    vs.                                Order on Request for Counsel

M. Norgaard, et al.,

        Defendants.

-oOo-

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action.  Plaintiff moved for appointment of counsel on July 11, 2005.

    In proceedings that do not threaten a litigant with loss of physical liberty, there presumptively is no right to appointed counsel.  Lassiter v. Department of Social Services, 452 U.S. 18, 26-27 (1981).  Section 1915(e)(1) of Title 28 confers discretion upon the court to request counsel represent an indigent civil litigant.  Mallard v. District Court, 490 U.S. 296 (1989).

In deciding whether to appoint counsel the court exercises discretion governed by a number of factors, including the likelihood of success on the merits and the applicant's ability to present his claims in light of their complexity. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); see also, LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). Ordinarily the presumption of regularity in the state's procedures for confining prisoners suggests a lack of likely success and counsels against appointment of counsel. See Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981). As a general rule, the court will not appoint counsel unless the applicant shows his claim has merit in fact and law. Id. Even if the applicant overcomes this hurdle, the court will not appoint counsel if the law is settled and the material facts are within the plaintiff's possession, viz., they do not require investigation outside the prison walls. Id. at 887-88.

Here, plaintiff alleges his constitutional rights were violated when he was denied access to the courts and denied adequate medical treatment. The law governing these issues is settled and investigation outside the prison walls is unnecessary to discover material facts. There is, on the record before the court, no reason to believe appointment of counsel would be of significant benefit.

///
///
///

1  Plaintiff's July 11, 2005, request for the appointment of
2  counsel therefore is denied.
3  So ordered.
4  Dated:  August 2, 2005.

                                     /s/ Peter A. Nowinski
                                     PETER A. NOWINSKI
                                     Magistrate Judge