United States District Court

Eastern District of California

Andre Ramon Craver,

       Plaintiff,                 No. Civ. S 05-0546 FCD PAN P

   vs.                        Findings and Recommendations

M. Norgaard, et al.,

       Defendants.

                           -oOo-

    Plaintiff is a prisoner without counsel who claims that (1) defendant Norgaard violated his federal constitutional rights by placing him on lock-down thereby denying plaintiff canteen, telephone and employment privileges and access to the courts; (2) defendant Norgaard violated his rights by denying plaintiff's administrative grievance; (3) defendant Roche violated plaintiff's rights by refusing to transfer plaintiff to a warmer climate to accommodate plaintiff's arthritis.  Defendants move to dismiss upon the ground plaintiff failed to exhaust available

1    administrative remedies and fails to state a claim upon which

2    relief can be granted as to defendant Norgaard.

3         42 U.S.C. § 1997e(a) provides that a prisoner may bring no §

4    1983 action until he has exhausted such administrative

5    remedies as are available.  The requirement is mandatory.  <u>Booth</u>

6    <u>v. Churner</u>, 532 U.S. 731, 741 (2001).  The administrative remedy

7    must be exhausted before suit is brought and a prisoner is not

8    entitled to a stay of judicial proceedings in order to exhaust.

9    <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002).  Where a

10   prisoner requests leave to proceed in forma pauperis, suit

11   commences when the request is granted.  <u>See</u> 28 U.S.C.

12   § 1915(a)(1) (court may "authorize commencement" of suit without

13   prepayment of filing fee for person demonstrating inability to

14   pay).  On a motion to dismiss for failure to exhaust available

15   administrative remedies the court may look beyond the pleadings

16   and decide disputed facts.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th

17   Cir. 2002).

18        California prisoners may appeal "any departmental decision,

19   action, condition, or policy which they can demonstrate as having

20   an adverse effect upon their welfare."  15 Cal. Admin. Code

21   § 3084.1(a).  The regulations require the use of specific form

22   that requires the prisoner "describe problem" and state "action

23   requested."  15 Cal. Admin. Code §§ 3084.2, 3085 (designating use

24   of CDC Form 602 Inmate/Parolee Appeal Form for all grievances

25   except those related to disabilities under the Americans with

26   Disabilities Act, which are filed on CDC Form 1824, Reasonable

1   Modification or Accommodation Request).  Prisoners ordinarily

2   must present their allegations at one informal and three formal

3   levels of review.  15 Cal. Admin. Code § 3084.5.  While

4   presentation upon the third level by the Director exhausts the

5   remedy for departmental purposes,  15 Cal. Admin. Code §

6   3084.1(a), when prisoners cannot present their allegations on any

7   subsequent level, they have exhausted available remedies for

8   purposes of 42 U.S.C. § 1997e(a).  Ngo v. Woodford, 403 F.3d 620

9   (9th Cir. 2005).  Defendant has the burden of identifying the

10  remedies that remain available.  Ibid.  The Ninth Circuit has

11  explained that a California prisoner who correctly completes an

12  appeal form provided by prison officials provides information

13  adequate to exhaust the administrative remedy for claims arising

14  under the Americans with Disabilities Act.  Butler v. Adams, 397

15  F.3d 1181 (9th Cir. 2005) (error to dismiss complaint for failure

16  to identify defendants in administrative form because the form

17  provided by the prison did not require such identification).

18      Defendants asserts plaintiff did not exhaust his

19  administrative remedies until after beginning this action.  April

20  21, 2005, plaintiff's appeal about being placed on lockdown was

21  denied at the director's level.  April 26, 2005, plaintiff's

22  claim he should be transferred to a different prison was denied

23  at the director's level of review.  This action commenced June

24  21, 2005, when the court granted plaintiff's request to proceed

25  in forma pauperis.

26      I find plaintiff exhausted available administrative remedies

3

1  for these claims before he commenced this action.

2       Defendant Roche concedes plaintiff filed a grievance about

3  pain caused by arthritis but asserts plaintiff did not exhaust

4  his administrative remedies because plaintiff placed the blame

5  elsewhere.  But defendant Roche does not show that plaintiff

6  improperly completed the form required to present his grievance

7  which required only that he "describe problem" and not that he

8  identify the person ultimately responsible for causing it or the

9  person capable of remedying it.

10      I find plaintiff exhausted his claim caused by arthritis.

11      On a motion to dismiss pursuant to F. R. Civ. P. 12(b)(6),

12 the court must accept plaintiff's allegations as true, read the

13 complaint most favorably to plaintiff, give plaintiff the benefit

14 of every reasonable inference that appears from the pleading and

15 argument of the case and dismiss the complaint only if it is

16 clear that no relief could be granted under any set of facts that

17 could be proved consistent with the allegations.  <u>Wheeldin v.</u>

18 <u>Wheeler</u>, 373 U.S. 647, 658 (1963); <u>Retail Clerks International</u>

19 <u>Association, Local 1625, AFL-CIO v. Schermerhorn</u>, 373 U.S. 746,

20 754 n.6 (1963); <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73

21 (1984).  The court may consider documents attached to the

22 complaint in evaluating a motion to dismiss.  <u>Parks School of</u>

23 <u>Business, Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).

24      Defendant Norgaard asserts plaintiff fails to state a claim

25 that plaintiff was denied access to the courts.  To state such a

26 claim, plaintiff must allege that defendant refused to assist

1   plaintiff prepare and file a habeas corpus petition or section
2   1983 complaint either by denying meaningful access to an adequate
3   law library or assistance from persons trained in the law and
4   that the deprivation caused a specific, actual injury to
5   plaintiff's habeas or section 1983 litigation efforts.   Lewis v.
6   Casey, 518 U.S. 343 (1996).

7       The complaint alleges plaintiff was denied the right to
8   represent himself while he was on lock-down.  But plaintiff
9   alleges no injury, viz., the dismissal of or inability to file a
10  civil rights complaint or a petition for a writ of habeas corpus.

11      I find plaintiff fails to state a claim that Norgaard
12  violated plaintiff's federal constittional right of access to the
13  courts.

14      Defendant Norgaard contends that plaintiff's allegations
15  that placing plaintiff on lockdown with concomitant restrictions
16  of plaintiff's privileges to make canteen purchases, use a
17  telephone, exercise out of doors, and pursue employment violated
18  plaintiff's right to due process.

19      To state a claim for the deprivation of procedural due
20  process, plaintiff must allege the deprivation of a liberty
21  interest, which may arise independently under the due process
22  clause or as freedom from state deprivation or restraint imposing
23  "atypical and significant hardship on the inmate in relation to
24  the ordinary incidents of prison life."  Sandin v. Connor, 515
25  U.S. 472, 483-84 (1995).  Prisoners have no liberty interest in
26  their classification status, Moody v. Daggett, 429 U.S. 78, 87

fn.9 (1976); <u>Hernandez v. Johnston</u>, 833 F.2d 1316, 1318 (9th Cir. 1987), or in being free from prison officials' imposition of a lockdown.  <u>Hayward v. Procunier</u>, 629 F.2d 599, 601-603 (9th Cir. 1980).

The complaint alleges that when plaintiff was transferred to High Desert State Prison, blacks and whites were on lockdown because of recent rioting and since he had a poor disciplinary history he also was locked down.  Plaintiff identifies no protected liberty interest.  Prisoners have no liberty interest in their classification status, <u>Moody v. Daggett</u>, 429 U.S. 78, 87 fn.9 (1976); <u>Hernandez v. Johnston</u>, 833 F.2d 1316, 1318 (9th Cir. 1987), or in being free from prison officials' imposition of a lockdown.  <u>Hayward v. Procunier</u>, 629 F.2d 599, 601-603 (9th Cir. 1980).

Accordingly, plaintiff fails to state a claim that defendant Norgaard violated his right to due process.

Defendant Norgaard contends plaintiff fails to state a claim Norgaard violated due process by reviewing plaintiff's grievance about being placed on lockdown.  Plaintiff fails to state a claim because prisoners have no "legitimate claim of entitlement to a [prison] grievance procedure." <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898 (1988).

For the reasons stated the court should grant defendant Norgaard's November 7, 2005, motion to dismiss and dismiss claims against defendant Norgaard and should deny defendant Roche's motion to dismiss and give defendant Roche 30 days to answer the

1   complaint.

2         Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these

3   findings and recommendations are submitted to the United States

4   District Judge assigned to this case.   Within 20 days after being

5   served with these findings and recommendations, plaintiff may

6   file written objections.   The document should be captioned

7   "Objections to Magistrate Judge's Findings and Recommendations."

8   The district judge may accept, reject, or modify these findings

9   and recommendations in whole or in part.

10        Dated:   December 13, 2005.

11                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
12                                    Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26