UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ANDRE RAMON CRAVER

        Plaintiff,

   v.

M. NORGAARD, et al.,

        Defendants.

NO. CIV. S-05-0546 FCD PAN P

ORDER

----oo0oo----

    Plaintiff, Andre Ramon Craver ("plaintiff"), a state prisoner proceeding pro se, filed a civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and Local General Order No. 262.

    On December 21, 2005, defendants filed objections to the magistrate judge's findings and recommendations ("F&Rs"), filed December 13, 2005, granting defendant Norgaard's motion to

1

1 dismiss and denying defendant Roche's motion to dismiss.
2 Plaintiff also filed objections to the F&Rs on January 3, 2006.

3     When timely objections to findings by a magistrate judge are
4 filed, the district court must conduct a de novo determination of
5 the findings and recommendations as to issues of law.  28 U.S.C.
6 § 636(b)(1).  The district court may adopt, reject, or modify in
7 part or in full the findings and recommendations.  28 U.S.C. §
8 636(b)(1)(C). Upon review of the file, the court rejects the
9 magistrate judge's findings and recommendations with respect to
10 the issue of exhaustion of administrative remedies.

11     Section 1997e(a) of the Prison Litigation Reform Act
12 ("PLRA") requires exhaustion of administrative remedies before an
13 action may be brought into federal court.[1]  42 U.S.C. § 1997e(a).
14 A district court must dismiss a case without prejudice where
15 there is no *presuit* exhaustion, even if exhaustion is met while
16 the suit is pending.  Lira v. Herrera, 427 F.3d 1164, 1170 (9th
17 Cir. 2005) (citing McKinney v. Carey, 311 F.3d 1198, 1200 (9th
18 Cir. 2002)).  The critical issue in this case is when the action
19 was brought for purposes of § 1997e(a).  The magistrate judge
20 found that plaintiff had exhausted his administrative remedies
21 prior to bringing suit based upon the premise that, "where a
22 prisoner requests leave to proceed in forma pauperis, suit
23 commences when the request is granted."  (F&R, filed Dec. 13,
24 2005, at 2 (citing 28 U.S.C. § 1915(a)(1)).  The magistrate
25 impliedly equated the term "brought" in § 1997e(a) with the term

26

---

27    [1] Specifically, section 1997e(1) provides that "no action shall be brought . . . until . . available remedies are
28 exhausted."  42 U.S.C. § 1997e(1).

2

"commence" in 28 U.S.C. § 1915(a)(1). The court disagrees with this interpretation.

While the Ninth Circuit has not addressed this issue, the court finds the reasoning applied by the Seventh Circuit in Ford v. Johnson compelling. 362 F.3d 395, 398-99 (7th Cir. 2004). In Ford, the Seventh Circuit focused on the purpose of the exhaustion requirements imposed by the PLRA in keeping "the courthouse doors closed" to claims until "efforts [to resolve matters out of court] have run their course." Id. at 398. The court equated the term "brought" in the PLRA to any similar phrase that means "got under way" in order to ensure that the litigation does not start until the administrative process has ended, and thus, to ensure that the purposes of the PLRA are served. Ford, 362 F.3d at 399. The court further stated that "[n]either fee collection nor notice to the adversary is at issue when applying § 1997e(a)," which is why Congress used the term "brought" instead of "filed" or "commenced." Id. Therefore, the court found that for purposes of the PLRA, the mailing of the complaint to the court was enough to "bring" an action and thus, was the date prior to which administrative procedures must have been exhausted. Id.

The court agrees with the Seventh Circuit that the purposes of the PLRA are best served by interpreting the term "brought" in § 1997e(a) to mean when the suit was launched. The Ninth Circuit has recognized that the principal purposes behind the PLRA's exhaustion requirements are (1) "to protect an administrative agency's authority by giving the agency the first opportunity to resolve a controversy before a court intervenes in the dispute;"

3

1  and (2) "to promote judicial efficiency by either resolving the
2  dispute outside of the courts, or by producing a factual record
3  that can aid the court."  Ngo v. Woodford, 403 F.3d 620, 624 (9th
4  Cir. 2005) (citing McCarthy v. Madigan, 503 U.S. 140, 145-46
5  (1992)).  The court's interpretation of the term "brought"
6  ensures that a court may not intervene until the administrative
7  agency has had the full opportunity to resolve the matter and
8  that efforts to resolve the matters out of court have been made.
9       In this case, the suit was launched when the complaint was
10 received by the court.  The complaint was stamped as received by
11 the court on March 21, 2005.  Denial of plaintiff's claims by the
12 administrative agency did not occur until April 21, 2005 and
13 April 26, 2005.  Therefore, plaintiff did not exhaust his
14 administrative remedies prior to bringing suit.  Thus,
15 plaintiff's complaint must be dismissed.  See Lira, 427 F.3d at
16 1170.
17      Accordingly, it is hereby ordered that defendants' motion to
18 dismiss for failure to exhaust administrative remedies is GRANTED
19 without prejudice.
20      IT IS SO ORDERED.
21 DATED: January 18, 2006.

                                  /s/Frank C. Damrell, Jr.
                                  FRANK C. DAMRELL, Jr.
                                  UNITED STATES DISTRICT JUDGE